IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

        Plaintiff,                                  OPINION AND ORDER

    v.                                                     12-cv-952-wmc

WARDEN SCHWOCHERT, *et al.*,

        Defendants.

---

        State inmate Derrick L. Smith has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Dodge Correctional Institution. He has been granted leave to proceed *in forma pauperis* in this case and he has paid an initial, partial filing fee as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, Smith's request for leave to proceed must be denied and this case will be dismissed for reasons set forth below.

FACTS

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Smith turned himself in to the Marathon County Jail on June 5, 2012, after he was charged with several felony offenses in Marathon County Case No. 2012CF386.[2] Smith was also charged with violating the terms of his supervised release from a previous sentence of imprisonment. Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI") of the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith returned to custody at the Marathon County Jail, where he is currently awaiting trial in Case No. 2012CF386.

In this case, Smith has filed suit under 42 U.S.C. § 1983 against the following individuals who are employed by WDOC at the Dodge Correctional Institution: Warden

---

[1] The court has supplemented the sparse allegations in the complaint with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013). The court draws all other facts from the complaint in this case and several others filed recently by Smith, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

Schwochert; HSU Manager Beth Dittman; Dr. John Doe Williams; John Doe Nurse; and two Jane Doe Nurses. Upon his arrival at DCI in October 2012, Smith reportedly advised "medical staff" that he had a history of Type II Diabetes and needed to monitor his blood sugar. He advised further that he was suffering "intense, sometime [sic] incapacitating pain in [his] neck and chest" from a collapsed lung that he sustained during an altercation with other inmates at the Marathon County Jail. Smith alleges that Dittman, Dr. Williams and a Jane Doe Nurse refused to check his blood sugar on an unspecified occasion. Smith contends further that he was given only a superficial physical examination and aspirin for his complaints of pain.

OPINION

Smith may not proceed here because he concedes in his complaint that he did not complete the grievance process available within WDOC to address the same medical concerns. The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") in all state adult correctional facilities so that inmate grievances about prison conditions may be expeditiously raised, investigated and decided. *See* Wis. Admin. Code § DOC 310.04. Once an inmate files a formal complaint, an Inmate Complaint Examiner (ICE) is assigned to investigate and recommend a decision to the "appropriate reviewing authority," such as a warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint at the institution level. *Id.* at § DOC 310.07(2). An ICE may return a complaint to the inmate if it does not comply with ICRS procedure. *Id.* at § DOC 310.07(1). If an inmate has submitted a proper complaint in compliance with ICRS procedure, *see id.* at § DOC 310.11(5), he has the right to appeal any adverse decision to the Corrections Complaint Examiner ("CCE"), who will review the complaint and make a recommendation to the Office of the Secretary. *See id.* at § DOC 310.13. The Secretary of the Wisconsin Department of Corrections shall review the CCE's report and make a final decision. *See id.* at § DOC 310.14.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which demands compliance with prison procedural rules. As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524. By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citing

*Booth*, 532 U.S. at 737). In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy. *Id.* (citations omitted). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The Supreme Court has made clear that prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 96-98. Smith's failure to complete the grievance process violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. Because Smith concedes that he failed to exhaust available administrative remedies before filing suit in federal court, his request for leave to proceed will be denied and this case will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

> Plaintiff Derrick L. Smith's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997a(e).

Entered this 22nd day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5